IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GAIL HEMPHILL DANIK            *
                               *
      v.                       *      Civil No. JFM-08-3036
                               *
HOUSING AUTHORITY OF           *
BALTIMORE CITY, ET AL.         *
                         *******

MEMORANDUM

Plaintiff, an employee of the Housing Authority of Baltimore City ("HABC"), has brought this action for employment discrimination. On April 3, 2009, I entered a memorandum and order granting motions to dismiss filed by two of the defendants, Mayor Sheila Dixon and Governor Martin O'Malley. On July 14, 2009, I entered an order directing plaintiff to show cause within 14 days of the date of the order why the action should not be dismissed without prejudice because of her failure to effect service upon HABC and Paul Graziano within 120 days of the filing of the complaint. The order was without prejudice to any late served defendant filing a motion to dismiss on the ground that good cause did not exist for the entry of the order.

Nothing in the record shows that plaintiff has properly effected service upon HABC. Accordingly, her claims against HABC will be dismissed without prejudice. Plaintiff apparently did serve Graziano with a copy of the complaint (but not with a summons or the attachments to the complaint) within two weeks of the July 14, 2009 order entered by this court. Graziano has now filed a motion to dismiss or for summary judgment.

Graziano's motion will be treated as one to dismiss and, as such will be granted. First, plaintiff has not shown good cause for not effecting service upon Graziano within 120 days of the filing of complaint. She is an employee of HABC, and there is no reason for her not to know the proper address for HABC and Graziano. Second, she still has not properly effected service upon

Graziano because she has not served him with a summons or the attachments to the complaint.[1]
Third, and most important, plaintiff has failed to state a claim upon which relief can be granted against Graziano because she failed to exhaust her administrative remedies by naming Graziano in the EEOC charge she filed.  *See Johnson v. Maryland*, 940 F. Supp. 873, 875-6 (D.Md. 1996).

    A separate order of dismissal is being entered herewith.


DATE:   9/25/2009                           __/s/_____
                                                     J. Frederick Motz
                                                     United States District Judge

---

[1] Plaintiff is appearing pro se and therefore, at first blush, it would seem that she should be excused for her mistakes in not having first attempted to effect service upon Graziano at an incorrect address and for not serving him with a summons and a copy of the attachments to the complaint when she finally served him with the complaint.   However, I note that in his original memorandum and reply memorandum Graziano has asserted (without contradiction from plaintiff) that plaintiff falsely represented to the court that she is indigent in order to proceed *in forma pauperis*.   In fact, plaintiff continues to be an employee of HABC and has obtained a second job at K-Mart.   Thus, I am not favorably inclined to give plaintiff the benefits that otherwise would accrue from her pro se status.